IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DACIA URBAN, | CIVIL ACTION |
| Plaintiff, | No. 2:22-cv-610 |
| v. | |
| SOUTH COLLEGE, | |
| Defendant. | JURY TRIAL DEMANDED |

## CIVIL COMPLAINT

Plaintiff, Dacia Urban, by undersigned counsel files this Civil Complaint and in support alleges the following.

### I. Jurisdiction

1. The jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5, as amended by the Civil Rights Act of 1991, and 42 U.S.C. §1331 and the Family and Medical Leave Act, 29 U.S.C. §2617.

2. Plaintiff has satisfied all the procedural and administrative requirements set forth in Section 706 of Title VII of the Civil Rights Act of 1964 ("Title VII"), in that:

   a. Plaintiff filed a timely written charge of gender and pregnancy discrimination with the Equal Opportunity Employment Commission on November 2, 2021;

   b. Plaintiff received a Notice of Right to Sue from the EEOC dated February 7, 2022; and

   c. This action was filed with this Court within 90 days of receipt of that Notice.

## II. The Parties

3. Plaintiff Dacia Urban ("Urban") is an adult individual who resides at 425 Fisher Street, Pittsburgh, Allegheny County, Pennsylvania, 15210 and worked at least 1,250 hours in the year preceding her discharge. Therefore, Urban is an eligible employee as defined by 29 U.S.C. §2611(2)(A).

4. Defendant, South College ("Defendant") is an eligible employer as defined by 29 U.S.C. §2611(4) in that it is engaged in an industry or activity affecting commerce and employed more than 50 employees within 75 miles of Plaintiff's work location. Defendant operates a place of business at 5700 Corporate Drive, Pittsburgh, Allegheny County, Pennsylvania 15237.

5. At all times relevant hereto, Defendant is also an employer within the meaning of Title VII, 42 U.S.C. §2000e(b) because it employed 15 or more individuals.

## III. Factual Background

6. Urban began employment with Defendant on March 9, 2020.

7. Urban last held the position of Admissions Representative.

8. Urban disclosed her pregnancy to Defendant the week of May 10, 2021.

9. Urban occasionally suffered pregnancy-related migraines and vomiting that were so severe, she needed to take time off from work.

10. Urban requested FMLA leave in late May and was approved for leave on June 19, 2021.

11. Defendant assured Urban that her leave would apply retroactively to excuse the days she had already missed.

12. Urban requested accommodation in the form of full-time remote work, or part-time

on site because she could successfully complete all of her job functions remotely.

13. Defendant allowed employees to work from home between March 2020 and May 2020.

14. Defendant claimed that they could not accommodate Urban's work from home request.

15. Urban's son was hospitalized on August 20, 2021, after suffering an injury.

16. When Urban requested time off to care for her injured and hospitalized son, her supervisor assured Urban that she need not worry about taking time off for her son, though Urban had no remaining paid time off.

17. On August 27, 2021 Defendant reneged on their prior assurances and reminded Urban that she had exhausted all of her paid leave before taking time off to care for her injured son.

18. Defendant terminated Urban on August 27, 2021 for taking too much time off work. Defendant even claimed "it was inevitable" that Urban would exhaust her leave before she gave birth.

## Count I
## Title VII: Pregnancy and Gender Discrimination

19. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 18 as if fully restated herein.

20. Defendant fired Urban because of her sex and pregnancy in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a)(1).

21. Defendant's actions were done with reckless indifference to Plaintiff's federally protected rights.

22. As a direct and proximate result of Defendant's actions, Urban lost her job and suffered lost wages and benefits, as well as humiliation, inconvenience, mental distress and embarrassment.

WHEREFORE, Urban demands judgment against Defendant for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a)(1), as follows:

a. That Defendant be ordered to reinstate Urban into the position she occupied prior to Defendants' discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

b. That Defendant be required to compensate Urban for the full value of wages she would have received had it not been for Defendant's illegal treatment of Urban, with interest until the date Urban is offered employment into a position substantially equivalent to the one which Urban occupied prior to her termination on August 27, 2021;

c. That Defendant be required to provide Urban with front pay if the Court determines reinstatement is not feasible;

d. That Defendant be required to compensate Urban for lost benefits, including profit sharing and/or pension benefits until Urban's normal retirement date;

e. That Urban be awarded compensatory damages in an amount to be determined at trial;

f.

g. That Urban be awarded punitive damages against Defendant in an amount sufficient to punish it and to deter similar conduct;

h. That Defendant be enjoined from discriminating or retaliating against Urban in any manner prohibited by Title VII;

i. That Urban be awarded against Defendant the costs and expenses of this litigation, including reasonable attorney's fees; and

j. That Urban be granted such further legal and equitable relief as the Court may deem just and proper.

**Count II**
**Family and Medical Leave Act 29 U.S.C. §2615(a)(2)**
**Retaliation**

23. Plaintiff incorporates by reference the allegations in paragraphs 1 through 22 as if fully restated herein.

24. As described in detail above, Urban is an eligible employee as defined by the FMLA, and she took FMLA leave associated with her pregnancy. Therefore, Urban exercised her rights under the FMLA.

25. The FMLA, 29 U.S.C. §2615(a)(2), precludes employers from retaliating against employees who have exercised rights under the FMLA.

26. Defendant fired Urban for her exercise of her rights under the FMLA, in violation of 29 U.S.C. §2615(a)(2). Therefore, Defendant violated the FMLA.

27. As a direct and proximate result of Defendant's violations of the FMLA, Urban has suffered and continues to suffer damages, including, but not limited to, lost wages, benefits and seniority.

**Count III**
**Family and Medical Leave Act 29 U.S.C. §2615(a)(1)**
**Interference**

28. Plaintiff incorporates by reference the allegations in paragraphs 1 through 27 as if fully restated herein.

29. As described in detail above, Urban is an eligible employee as defined by the FMLA, and she took FMLA leave for the birth and care of a child. Therefore, Urban had a right under the FMLA, 29 U.S.C. §2615(a)(1), to be restored to her own or a comparable position at the

conclusion of her leave.

30. By firing Plaintiff, Defendant interfered with Plaintiff's rights to take FMLA leave and to be restored to her own or a comparable position at the conclusion of her leave.

31. Such interference violates the FMLA, 29 U.S.C. §2615(a)(1).

32. As a direct and proximate result of Defendant's violations of the FMLA, Plaintiff has suffered and continues to suffer damages, including, but not limited to, lost wages, benefits and seniority.

WHEREFORE, Plaintiff hereby requests judgment, pursuant to 29 U.S.C. § 2617(a), and the following legal and equitable remedies:

    a. Defendant be ordered to reinstate Plaintiff to the position from which she was discharged, together with all benefits incident thereto, including by not limited to, wages, benefits, training, and seniority;

    b. Defendant be required to compensate Plaintiff for full value of wages and benefits that Plaintiff would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest at the prevailing rate thereon until the date Plaintiff is offered reinstatement to a position substantially equivalent to the one Plaintiff occupied prior to August 27, 2021;

    c. Defendant be required to provide Plaintiff all other compensation, including but not limited to lost stock options, bonuses, 401k and profit sharing, which was denied or lost to Plaintiff as a result of Defendant's illegal treatment of Plaintiff;

    d. That a final judgment in favor of Plaintiff and against Defendant be entered for Plaintiff for liquidated damages, as provided by 29 U.S.C. §2617(a)(1)(A)(iii), in an amount equal to the wages, benefits, and other compensation denied or lost to Plaintiff;

    e. That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the FMLA;

    f. That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney's fee; and

    g.      That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

                            Respectfully submitted,

                            **EDGAR SNYDER & ASSOCIATES**

                            /s/ Ryan M. Carroll

                            Ryan M. Carroll
                            Pa. I.D. No. 205851
                            US Steel Tower, 10th Floor
                            600 Grant Street
                            Pittsburgh, PA 15219
                            (412) 394-4496

                            Attorney for Plaintiff